IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE O'NEAL GREEN, § | | |
| TDCJ #1436873, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-10-0665 | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Steve O'Neal Green (TDCJ #1436873, former TDCJ #1153675), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Green seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary proceeding. The respondent has answered with a motion for summary judgment [Doc. # 12], arguing that the petition is barred from federal habeas corpus review. Green has not filed a response and his time to do so has expired. Instead, Green has filed a motion for a default judgment in his favor [Doc. # 14]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

**I.      BACKGROUND**

Green is currently incarcerated in TDCJ as the result of his conviction in Brazos County cause number 05-05909-CRF-272, on charges of felony injury to a child. On May

23, 2007, the 272nd District Court of Brazos County, Texas, sentenced Green to serve ten years' imprisonment in that case. The conviction was affirmed on direct appeal. *See Green v. State*, Nos. 10-07-00211-CR & 10-07-00212-CR, 2009 WL 1800697 (Tex. App. — Waco June 24, 2009, pet. ref'd).

Green does not challenge his underlying conviction here. Instead, he challenges a prison disciplinary conviction that was entered against him at the Pack I Unit on December 12, 2007, in case #20080096954. The respondent has provided a copy of the disciplinary hearing records for that case. [Doc. # 13]. According to these records, Green was charged with violating prison disciplinary rules by creating a disturbance that resulted in "a significant disruption of operations." In particular, Green was accused of yelling and arguing loudly with another inmate during an educational class, which "caused the entire class to become distracted from the lesson [for] approximately 25 minutes."

According to the offense report and supporting documentation, the charging officer (Officer L. Mitchell) was attempting to teach a class in the Education Department of the Pack I Unit when Green started an argument and began to yell loudly at another inmate. Green reportedly ignored repeated requests to "stop arguing and get back to the lesson." Eventually, Green was instructed to leave the classroom. Green then began to argue with the security officer who arrived to escort him from the Education Department, which disrupted the entire class.

At a hearing on December 12, 2007, the disciplinary hearing officer found Green guilty as charged based on the charging officer's report and testimony. As a result, Green's

recreation and commissary privileges were curtailed for 45 days and he spent 15 days in solitary confinement. Green's classification status was restricted to Level III. Green also forfeited 90 days of previously earned credit for good conduct (*i.e.*, "good-time" credit).

Green filed a step 1 grievance to challenge the disciplinary conviction. After the conviction was upheld, Green appealed further by filing a step 2 grievance, arguing that the penalty imposed was too severe. In response to his appeal, prison officials notified Green that his good-time sanction would be modified from a loss of 90 days to a loss of 60 days. The disciplinary conviction, however, was otherwise affirmed at step 2 of the grievance process.

Green now seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his prison disciplinary conviction in case #20080096954. In a petition that was executed on February 23, 2010,[1] Green complains that he is entitled to relief because he was denied due process during his disciplinary hearing. In particular, Green complains that (1) he was excluded from a portion of the hearing; (2) he was not allowed to call witnesses; (3) there was insufficient evidence; and (4) the disciplinary hearing was tainted by "false inculpatory evidence." The respondent maintains that the petition must be dismissed as unexhausted and untimely filed under the governing one-year statute of limitations found in 28 U.S.C.

---

[1] The Clerk's Office received the petition on February 25, 2010, and filed it the same day. Green executed that petition on February 23, 2010, indicating that he placed in the prison mail system on that date. Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

§ 2244(d). The parties' contentions are discussed briefly below, beginning with Green's motion for a default judgment

## II. DISCUSSION

### A. Default Judgment

After the respondent filed his motion for summary judgment, Green moved for a default judgment. Green does not contend that the respondent failed to provide him with a copy of the summary judgment motion. The certificate of service shows that the respondent provided a copy of his motion to Green at his unit of assignment. Correspondence received recently from Green confirms that he received the respondent's motion. [Doc. # 15]. Green appears to argue that, because the respondent filed a motion and not an "answer," he is entitled to a default judgment in his favor. Green's motion will be denied.

Rule 55 of the Federal Rules of Civil Procedure provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Courts in this circuit follow a policy that favors resolving cases on the merits and against the use of default judgments. *See, e.g., Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Thus, it is well established that "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In this case, the Court directed the respondent to file an answer on or before June 10, 2010, in compliance with the Rules Governing Section 2254 Cases in the United States District Courts. [Doc. # 6]. The Court later granted the respondent's request for an extension of time, up to and including July 12, 2010. [Doc. # 9]. The record reflects that the respondent filed a timely answer in the form of a dispositive motion on July 12, 2010. [Doc. # 13]. The respondent has not failed to plead or otherwise defend in a timely manner and is not in default. Because Green fails to show that he is entitled to a default judgment, his motion will be denied.

**B.     Exhaustion of Available State Remedies**

In the pending motion for summary judgment, the respondent contends that the petition must be dismissed because Green did not exhaust available state remedies by presenting his grounds for relief during the prison grievance process. Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal

citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Texas prisoners are not required to present claims concerning disciplinary convictions to the state courts in a state habeas corpus application, because those claims are not cognizable on state habeas review. *See Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986). Instead, Texas prisoners who challenge the result of a disciplinary conviction must seek relief through the two-step TDCJ grievance process.[2] *Id.* In that regard, § 501.008 of the Texas Government Code requires inmates to fully exhaust the TDCJ administrative grievance process before resorting to court. If an inmate fails to do so, his claims may be dismissed for failure to exhaust administrative remedies. *See Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Green's habeas corpus petition appears to be governed by 28 U.S.C. § 2254. *See, e.g., Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted). Courts in this circuit have recognized that exhaustion of the prison grievance process is required in the disciplinary conviction context. *See, e.g., Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir.

---

[2] TDCJ currently provides a two-step procedure for presenting administrative grievances. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). In Step 1, the prisoner submits a grievance at the institutional level. *Id.* If the decision at Step 1 is unfavorable, Step 2 permits the prisoner to appeal "to the division grievance investigation with the . . . Texas Department of Criminal Justice." *Id.*

2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are required to pursue administrative remedies); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002) (holding that, "[b]ecause exhaustion of administrative grievance procedures is required, Petitioner is entitled to equitable tolling of the statute of limitations until the date that he completed the TDCJ administrative review process"). Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems").

The record shows that Green did not present his grounds for relief in both step 1 and step 2 of the prison grievance process, where he complained primarily about the excessive nature of the good-time credit sanction. A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Because Green did not complete both step 1 and step 2 of the grievance process with respect to the claims in his pending petition, he failed to fully exhaust the prison grievance process. Green does not dispute that he failed to exhaust his administrative remedies with respect to the claims raised in his petition. He has offered no explanation for

his failure to present these claims properly during the grievance process. It follows that dismissal of this federal habeas corpus proceeding is warranted for lack of exhaustion. Alternatively, the respondent argues that the petition fails for other reasons outlined briefly below.

### C. One-Year Statute of Limitations

In addition, the respondent maintains that the petition is also subject to dismissal because it is untimely under the governing one-year statute of limitations. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this case, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D), from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The disciplinary conviction in case # 20080096954 was entered against Green on December 12, 2007. That date triggered the statute of limitations, which expired one-year later on December 12, 2008. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (holding that the one-year statute of limitations begins to run on the date the disciplinary conviction was entered). Green's pending federal habeas corpus petition, which is dated February 23, 2010, is late by more than 14 months.

In this context, the limitations period is extended or tolled during the pendency of the prison administrative appeals process. *See Kimbrell*, 311 F.3d at 364. The record shows that Green filed a step 1 grievance to challenge his disciplinary conviction on December 19, 2007. The step 1 grievance was denied 14 days later on January 2, 2008. Green filed a step 2 grievance on January 14, 2008. Officials responded 21 days later on February 4, 2008, modifying the punishment but denying any further relief from the disciplinary conviction.

The administrative appeals process was pending, at most, for only 35 days. Even with tolling for this amount of time, Green's federal petition remains untimely.

To date, Green has not filed a reply to the respondent's summary judgment motion, and he offers no valid excuse for his failure to file a timely petition. The record does not otherwise show that Green pursued relief with the requisite diligence to warrant tolling for equitable reasons. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010) (clarifying that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing'")(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In that respect, the disciplinary conviction was entered against Green on December 7, 2007, and his federal habeas corpus petition is dated February 23, 2010. This shows that Green waited more than two years after the date of his disciplinary conviction to seek federal habeas corpus review. Green offers no explanation for this delay.

Because the pleadings and the record disclose no other basis for tolling the prescriptive period, the Court concludes that the petition is barred by the statute of

limitations.[3] Accordingly, the respondent is entitled to summary judgment for this additional reason.

## III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

---

[3] The respondent argues in the alternative that all of Green's claims are without merit and that he is not entitled to relief from the punishment imposed in disciplinary case #20080096954. To the extent that Green complains about the loss of commissary or recreational privileges, temporary placement in solitary confinement, and a restriction on class status, it is well settled that these sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See, e.g., Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Green cannot show that he is entitled to habeas corpus relief from these sanctions. To the extent that Green lost 60 days of good-time credit, his conclusory allegations do not show that officials forfeited these credits without providing the requisite notice or opportunity to be heard. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Likewise, because the conviction was based on the charging officer's report and testimony, it further appears that both disciplinary convictions are supported by sufficient evidence as required by due process in the prison disciplinary context. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985); *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). Because the claims are unexhausted and untimely, the Court does not address the merits further.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The exhaustion requirement for federal habeas corpus review is well established. Likewise, the one-year statute of limitations on such review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

**IV.     CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 12] is **GRANTED**.

2. The petitioner's motion for a default judgment [Doc. # 14] is **DENIED**.

3. The federal habeas corpus petition is **DISMISSED** with prejudice.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on August 30, 2010.

_____
Nancy F. Atlas
United States District Judge